UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HCC SPECIALTY UNDERWRITERS, INC., AND PROFESSIONAL INDEMNITY AGENCY, INC., SUBSIDIARIES OF HCC INSURANCE HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGELO GANGUZZA AND AMTRUST FINANCIAL SERVICES, INC., <br> Defendants. | CIVIL ACTION NO. 1:13-cv-13302-RWZ |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties hereto, HCC Specialty Underwriters, Inc. and Professional Indemnity Agency, Inc., subsidiaries of HCC Insurance Holdings, Inc. (both together, "HCC") and AmTrust North America, Inc.[1] ("AmTrust") and Angelo Ganguzza (both together, "Defendants") are presently engaged in discovery; and

WHEREAS, some information sought by the parties or contained in documents sought by the parties is considered to be of a confidential and/or proprietary nature, and/or considered to contain trade secrets; and

WHEREAS, the purpose of this Confidentiality Stipulation and Protective Order is to permit the parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of that material;

THEREFORE, the parties hereby stipulate and request that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26(c), as follows:

---

[1] AmTrust North America, Inc. is incorrectly identified as "AmTrust Financial Services, Inc." in the Complaint.

1. This Confidentiality Stipulation and Protective Order shall apply to all information, documents, and things subject to discovery in this Action, whether from a party or a third party, including but not limited to deposition testimony, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission (collectively, "Discovery Materials").

2. The term "documents" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure.

3. A party may designate as "Confidential" any Discovery Materials, or portion thereof, that the party determines, in good faith, contains confidential, proprietary and/or trade secret information, including (a) information concerning any current or former employee of HCC or AmTrust, including without limitation documents containing compensation-related information, health or medical-related information, social security numbers, home addresses, or home telephone numbers; (b) information concerning any current, former or prospective customer, policyholder, or broker of the disclosing party; and (d) information concerning corporate structure, procedures, and/or policies of the disclosing party.

4. A party may also designate Discovery Materials as "Confidential – Attorneys' Eyes Only." "Confidential – Attorneys' Eyes Only" Discovery Materials shall consist only of highly sensitive confidential, proprietary and/or trade secret information, the disclosure of which by the disclosing party would proximately and foreseeably cause the disclosing party significant harm to its business or its competitive position.

5. HCC may designate Discovery Materials as "Confidential – Ganguzza's Eyes Only." "Confidential – Ganguzza's Eyes Only" Discovery Materials shall consist of HCC's highly sensitive confidential, proprietary and/or trade secret information, the disclosure of which

by the disclosing party would proximately and foreseeably cause the disclosing party significant harm to its business or its competitive position; but which information Mr. Ganguzza had previously viewed and/or had access to while employed by HCC.

6. For documents or responses to written discovery designated "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only," the designation "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only," respectively, shall be clearly stamped, marked or written on each page of the document deemed to contain such information. Such designation shall not apply to other, non-confidential portions of a document or discovery response.

7. Information disclosed or discussed in a deposition may be designated as "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" by any party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party in writing as to which portions of the deposition transcript (page/line) contain "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" information.

8. Discovery Materials produced without designation or with improper designation and information disclosed or discussed in a deposition that was not designated or improperly designated may be retroactively designated by notice in writing, identifying the Discovery Materials and/or deposition text with particularity (Bates number, interrogatory / request for admission answer, or transcript page and line numbers) at any time during the pendency of this litigation. Such material shall be treated as "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" from the date written notice of the

designation is provided to the receiving party. In the event of any change in designation pursuant to this paragraph, the party making the change shall promptly provide substitute copies of all documents as to which confidential status is claimed, with the replacement documents to bear a stamp, label, or sticker identifying the document as "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only." Thereafter, the original, incorrectly designated documents (and all copies thereof) shall be promptly destroyed or returned to the designating party, with confirmation in writing.

    9.    Discovery Materials designated "Confidential" pursuant to this Confidentiality Stipulation and Protective Order may not be disclosed or made available by the recipient, unless the disclosing party authorizes in writing a disclosure, to any person or entity other than:

    a. Angelo Ganguzza;

    b. current employees of HCC and/or AmTrust, whose assistance is needed in the prosecution or defense of this Action;

    c. the in-house legal counsel of HCC and/or AmTrust, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

    d. the counsel of record of any party, and the clerical, paralegal, and secretarial staff of such counsel;

    e. pursuant to paragraph 13, any deponent (during such deponent's deposition in connection with this action), provided such deponent is not provided with a copy (either electronic or paper) of any Discovery Materials designated "Confidential";

    f. pursuant to paragraph 13, outside experts or outside consultants who are engaged by the recipient expressly and solely for the purpose of assisting

    in the proceeding, so long as such outside experts and outside consultants are not owners, shareholders or directors of the recipient and are not employed by the recipient, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a disclosing party; and

  g. the Court, Court personnel, and any court or shorthand reporter or typist used to record or transcribe testimony.

10. Discovery Materials designated "Confidential – Attorneys' Eyes Only" pursuant to this Confidentiality Stipulation and Protective Order may not be disclosed or made available by the recipient, unless the disclosing party authorizes in writing a disclosure, to any person or entity other than:

  a. the counsel of record of the recipient, and the clerical, paralegal, and secretarial staff of such counsel;

  b. the in-house legal counsel of HCC and/or AmTrust, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

  c. pursuant to paragraph 13, any deponent (during such deponent's deposition in connection with this action), who is a current employee of the disclosing party, and who is indicated on the face of the Discovery Material designated as "Confidential – Attorneys' Eyes Only" as the preparer, author, or recipient of such Discovery Material designated as "Confidential – Attorneys' Eyes Only", provided such deponent is not provided with a copy (either electronic or paper) of any Discovery Materials designated "Confidential – Attorney's Eyes Only";

5

    d. pursuant to paragraph 13, outside experts or outside consultants who are engaged by the recipient expressly and solely for the purpose of assisting in the proceeding, so long as such outside experts and outside consultants are not owners, shareholders or directors of the recipient and are not employed by the recipient, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a disclosing party; and

    e. the Court, Court personnel, and any court or shorthand reporter or typist used to record or transcribe testimony.

Counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of "Confidential – Attorneys' Eyes Only" Discovery Material, provided that such advice and opinions shall not reveal the content of such material.

    11. Discovery Materials designated "Confidential – Ganguzza's Eyes Only" pursuant to this Confidentiality Stipulation and Protective Order may not be disclosed or made available by the recipient, unless the disclosing party authorizes in writing a disclosure, to any person or entity other than:

    a. Angelo Ganguzza;

    b. Mr. Ganguzza's counsel of record, and the clerical, paralegal, and secretarial staff of such counsel;

    c. AmTrust's counsel of record, and the clerical, paralegal, and secretarial staff of such counsel;

    d.  pursuant to paragraph 13, any deponent (during such deponent's deposition in connection with this action), who is a current employee of the disclosing party, and who is indicated on the face of the Discovery Material designated as "Confidential – Ganguzza's Eyes Only" as the preparer, author, or recipient of such Discovery Material designated as "Confidential – Ganguzza's Eyes Only", provided such deponent is not provided with a copy (either electronic or paper) of any Discovery Materials designated "Confidential – Ganguzza's Eyes Only";

    e.  pursuant to paragraph 13, outside experts or outside consultants who are engaged by the recipient expressly and solely for the purpose of assisting in the proceeding, so long as such outside experts and outside consultants are not owners, shareholders or directors of the recipient and are not employed by the recipient, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a disclosing party; and

    f.  the Court, Court personnel, and any court or shorthand reporter or typist used to record or transcribe testimony.

Counsel for a AmTrust may give advice and opinions to AmTrust's employees, officers and agents solely relating to the above-captioned action based on his or her evaluation of "Confidential – Ganguzza's Eyes Only" Discovery Material, provided that such advice and opinions shall not reveal to AmTrust's employees, officers and agents the content of such material.

7

12. All Discovery Materials designated "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" in accordance with this Confidentiality Stipulation and Protective Order shall be used solely for the purpose of conducting the above-captioned proceeding, and not for, or in connection with, any other cases or disputes or for any other purpose. All "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" Discovery Materials obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such documents or information.

13. Deposition witnesses, outside experts and/or outside consultants referenced above shall be given a copy of this Confidentiality Stipulation and Protective Order and shall sign a declaration, a copy of which is attached hereto as Exhibit A, prior to receipt of any "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" documents or information. Such declaration shall state that the receiving party agrees that he or she is bound by the terms of this Confidentiality Stipulation and Protective Order. Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the applicable Rules of Procedure or pursuant to any agreed extension by the opposing party's counsel of record. Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of this Court and/or the jurisdiction of the courts of Massachusetts over his or her person, wherever he or she shall be, for the enforcement of this Confidentiality Stipulation and Protective Order.

14. The receipt by a party of Discovery Material designated "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" shall not

constitute an admission or agreement that the Discovery Material is appropriately designated. If any party objects to such designation, the objecting party shall inform the designating party of the objection in writing. The designating party shall have five (5) business days from the receipt of that objection to respond. The parties agree that they shall negotiate in good faith to resolve any such disputes. If an agreement cannot be reached within thirty (30) days of receipt of the written objection, the recipient may serve an appropriate motion, pursuant to the Rules of Civil Procedure and Local Rules, requesting that the designation of that information be modified.

15. The failure to object to Discovery Material designated "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" shall not constitute an admission by any party that the information contained therein is in fact confidential, proprietary and/or a trade secret.

16. Nothing in this Confidentiality Stipulation and Protective Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity. To the extent, however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by this Court not to be so protected, the terms of this Confidentiality Stipulation and Protective Order shall govern any "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" information contained in such documents.

17. Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or order, further, greater or lesser protection with respect to the use of any "Confidential" materials in connection with this proceeding.

18. At the conclusion of this proceeding, all documents or information covered by this Confidentiality Stipulation and Protective Order, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Confidentiality Stipulation and Protective Order, shall be returned by the recipient or person to counsel for the disclosing party, or shall be destroyed, and, if requested by the disclosing party, counsel of record for the recipient shall certify in writing within thirty (30) days of the conclusion of the proceeding that such material has been returned or destroyed. This paragraph shall not apply to such documents that are exempted from this paragraph by an agreement and stipulation signed by the Disclosing Party or its counsel of record, or by subsequent Court order.

19. All Discovery Material obtained by a party or its counsel in the course of this Action, whether or not designated as "Confidential" pursuant to this Confidentiality Stipulation and Protective Order, shall be used by the receiving party solely for the purposes of this Action and not for any other purpose both during the pendency of this Action and subsequent to the termination of this Action. Without limiting the generality of the foregoing, no party shall use Discovery Materials obtained during this Action for any purpose related to the solicitation of customers, manufacturers or other business.

20. Nothing in this Protective Order shall affect any party's right to seek further protective orders under Fed. R. Civ. P. 26(c).

21. The provisions of this Protective Order may be enforced like any other order, including, where appropriate, by contempt proceedings.

22. "Confidential," "Confidential – Attorneys' Eyes Only," and/or "Confidential – Ganguzza's Eyes Only" information shall not be filed by any party with the Court, in whole or in

part, except under seal in accordance with Local Rules, unless all the parties agree otherwise, or per Order of the Court.

23.   This Confidentiality Stipulation and Protective Order, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the parties. The parties agree that breach of this Confidentiality Stipulation and Protective Order may be specifically enforced through injunctive relief.

Dated: March 31, 2014

ENTER:

_____

Respectfully submitted,

Dated: March 26, 2014

AMTRUST FINANCIAL SERVICES, INC., & AmTrust North America, Inc., By their attorney,

/s/ Stephen Melnick
Stephen Melnick, Esq.
LITTLER MENDELSON PC
One International Place Suite 2700
Boston, MA 02110

Dated: March 26, 2014

ANGELO GANGUZZA, By his attorney,

/s/ William Haddad
Russell Beck, Esq.
William A. Haddad, Esq.
Beck Reed Riden LLP
155 Federal St., Suite 1302
Boston, MA 02110

Dated: March 26, 2014

HCC SPECIALTY UNDERWRITERS, INC., PROFESSIONAL INDEMNITY AGENCY, INC., and HCC INSURANCE HOLDINGS, INC., By their attorney,

/s/ Allan MacLean
Erik J. Winton, Esq.
Stephen T. Paterniti, Esq.
Allan N. MacLean, Esq.
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HCC SPECIALTY UNDERWRITERS,INC., AND PROFESSIONAL INDEMNITYAGENCY, INC., SUBSIDIARIES OF HCC INSURANCE HOLDINGS, INC.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ANGELO GANGUZZA ANDAMTRUST FINANCIAL SERVICES,INC.,<br>Defendants. | CIVIL ACTION NO.<br>1:13-cv-13302-RWZ |

**DECLARATION AND AGREEMENT TO BE BOUND BY THE
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1. My name is _____.

I live at _____.

I am employed as _____ (state position) by

_____ (state name and address of

employer).

2. I am aware that a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

3. I promise that the documents and information designated as "Confidential" pursuant to the Protective Order in this case will be used by me only in connection with the litigation of the above captioned matter.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" in any manner contrary to the provisions of the Protective Order will subject me to

sanctions for contempt by the United States District Court for the District of Massachusetts and/or the Courts of the Commonwealth of Massachusetts.

     5.    I agree to submit myself to the personal jurisdiction of the United States District Court for the District of Massachusetts and/or the Courts of the Commonwealth of Massachusetts in connection with any proceedings concerning the Protective Order.

_____
(Signature of Affiant)

4844-6594-5881, v. 3